**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ASSUREDPARTNERS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:24-cv-01711 SEP |
| ) | |
| EDGEWOOD PARTNERS INSURANCE ) | |
| CENTER, INC., *dba* EPIC INSURANCE ) | |
| BROKERS & CONSULTANTS, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Reconsideration, Doc. [53], and Plaintiff's Motion to Expedite Review of Plaintiff's Motion for Reconsideration, Doc. [67]. For the reasons set forth below, the motions are denied.

### LEGAL STANDARD

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Derby v. Wiskus*, 2023 WL 2571523, at *1 (E.D. Mo. Mar. 20, 2023). A motion to reconsider a non-final order, as here, is generally construed as "one under Rule 60(b)." *Kohlbeck v. Wyndham Vacation Resorts, Inc.,* 7 F.4th 729, 734 n.2 (8th Cir. 2021) (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transport, Inc.,* 320 F.3d 809, 815 (8th Cir. 2003) (internal quotation marks omitted). Additionally, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Derby*, 2023 WL 2571523, at *1 (quoting *Arnold v. ADT Sec. Servs., Inc*., 627 F.3d 716, 721 (8th Cir. 2010)) (emphasis added). "A district court has broad discretion in determining whether to grant or deny a motion to reconsider. *Hagerman v. Yukon Energy Corp.,* 839 F. 2d 407, 413 (8th Cir.1998).

Motions for reconsideration "are not to be used to 'introduce new evidence that could have been adduced during pendency' of the motion at issue." *Id*. Similarly, a "motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman*, 839 F.2d at 414 (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)); *see also Whitlock v. Midwest Acceptance Corp.*, 575 F.2d 652, 653 n.1 (8th Cir.

1978) (district court properly denied plaintiffs' motion based on newly submitted affidavits where the information in the affidavits was available prior to entry of judgment).

### DISCUSSION

Plaintiff asserts that the Court has committed a manifest error of law in denying its motion for a TRO, because "Missouri and Florida law control this matter," Doc. [53] at 10, and "both states hold that violating an enforceable restrictive covenant agreement creates a presumption of irreparable harm," *id*. at 5.[1] The implication is that the Court erred by looking to federal law regarding irreparable harm, rather than the purportedly controlling state law. *See* Doc. [53] at 2. But that is not so. A federal court applies a federal standard, not a state standard, when it decides to grant or refuse injunctive relief. *See Schuler v. Adams*, 27 F.4th 1203, 1209 (6th Cir. 2022) (federal courts apply a federal preliminary injunction standard and state courts apply their own state standards); *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010) (Gorsuch, J.) ("[F]ederal law governs the procedural question [of] when a preliminary injunction may issue . . . ."); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 799 (3d Cir. 1989) ("Rule 65(a) of the Federal Rules of Civil Procedure contemplates a federal standard as governing requests addressed to federal courts for preliminary injunctions.") (quoting *Sys. Operations, Inc. v. Sci. Games Dev. Corp.*, 555 F.2d 1131, 1141 (3d Cir. 1977)).

The federal standard for injunctive relief often requires a federal court to examine state substantive law in diversity cases, particularly when considering a state-law claim's likelihood of success on the merits, but the standard remains federal. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (listing a single set of injunctive relief factors to consider that does not vary from state to state). Thus, federal courts "look to federal law" to determine whether a plaintiff has shown it is likely to suffer irreparable harm in the absence of preliminary relief. *Potlongo v. Herff Jones, LLC*, 749 Fed. Appx. 537, 538 (9th Cir. 2018) (unpublished); *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 600–03 (9th Cir. 1991) (applying federal standards to determine whether a preliminary injunction should issue but applying state law to the merits of the underlying contract claim). So, the existence of

---

[1] Plaintiff also takes issue with the fact that some cases cited in the Court's Order denying injunctive relief arose out of the Federal District Court of Minnesota, a state that Plaintiff claims is particularly hostile to restrictive covenants. Because the Court's denial of the TRO was not based on Plaintiff's likelihood to prevail on the merits of its breach of contract claim for violation of restrictive covenants, the standard for that question is not relevant to whether that denial should be reconsidered.

irreparable harm is a question of federal law. *See Moeschler v. Honkamp Krueger Fin. Servs., Inc.*, 2021 WL 4273481, at *10 (D. Minn. Sept. 21, 2021) ("[F]ederal law dictates not only that the movant must show irreparable harm, but also dictates how that factor is *applied*—in particular, what a litigant must show to establish 'irreparable harm.' And that is true whether the underlying claim arises under federal or state law."); *Tri-State Grease & Tallow Co., Inc. v. Milk Specialties Co.*, 2011 WL 1561674, at *6 (D. Minn. Apr. 22, 2011) ("[Plaintiff] points to Illinois caselaw supposedly standing for the proposition that the risk of losing customer accounts and sales is irreparable harm justifying an emergency injunction. But even in diversity cases such as this, whether to grant a preliminary injunction is determined using federal rather than state standards."); *Budget Rent A Car Corp. v. Harvey Kidd Auto.*, 249 F. Supp. 2d 1048, 1049–50 (N.D. Ill. 2003) ("Budget argues . . . that Illinois law presumes irreparable injury once a protectable interest is established. While Illinois law is relevant to determining the likelihood of Budget's success on the merits . . ., '[t]he propriety of [the issuance of] a preliminary injunction, of course, is to be determined by the rules and decisions of federal courts.'") (quoting *Gen. Elec. Co. v. Am. Wholesale Co.*, 235 F.2d 606, 608 (7th Cir. 1956)).

In light of this, Plaintiff's argument that Missouri and Florida law dictate a presumption of irreparable harm is misplaced. In fact, one of the cases cited by Plaintiff, Doc. [53] at 15, notes that "Florida law is only relevant to the Court's analysis of the likelihood that Plaintiffs will succeed on the merits. . . . Accordingly, no presumption should be applied to the irreparable harm element and Plaintiffs must satisfy the burden of proof for this factor under the federal standard." *Arthur J. Gallagher Serv. Co. v. Egan*, 2012 WL 12839373, at *9–10 (S.D. Fla. June 29, 2012), report and recommendation adopted, 2012 WL 12838463 (S.D. Fla. Aug. 15, 2012), aff'd, 514 Fed. Appx. 839 (11th Cir. 2013) (internal quotation marks omitted) (emphasis added). *See also Moeschler*, 2021 WL 4273481, at *10 (because "federal law dictates that a likelihood . . . of irreparable harm must be established—actually established—a state cannot effectively eliminate [that] requirement by establishing presumptions that bind a federal court.") (cleaned up).

Plaintiff also takes issue with the Court's citation to cases that do not pertain to breaches of restrictive covenants; but, as Plaintiff admits, "the Court relied on many of the cases cited" for "general principles of its irreparable harm analysis," such as which party bears the burden of establishing a need for injunctive relief, or that irreparable harm is only established where

3

monetary damages cannot provide adequate compensation.  Doc. [53] at 10.  That the Court cited to cases outside the restrictive covenant context to support well-established principles concerning the appropriateness of injunctive relief hardly constitutes manifest error.

Finally, Plaintiff cites to another decision of this Court, *Biovant LLC v. Wassenaar*, 2024 WL 445571 (E.D. Mo. 2024), in which the undersigned issued a TRO restraining Defendant from using Plaintiff's customer information in violation of certain restrictive covenants.  Plaintiff here argues that *Biovant* is "controlling authority" that requires the same result in this matter.  *See* Docs. [53] at 1; [66] at 13.  The Court disagrees.  "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."  *Camreta v. Greene*, 563 U.S. 692, 709 (2011).  And so, even if the cases were in conflict, the Court would not be bound to follow *Biovant*.  Thus, there is no reason to delve fully into the differences between the cases; it suffices to point out that "cases presenting different allegations and different records may lead to different conclusions."  *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 507 (2023) (J. Jackson, concurring).

Plaintiff also presents what it describes as newly discovered evidence that should persuade the Court to reconsider its ruling.  For example, Plaintiff points to some documents that Defendant Mayfield printed "days before she departed from AP" and a PowerPoint that she printed "months before" she left AP's employment.  Doc. [53] at 20.  That information was available to Plaintiff prior to the TRO hearing.  Plaintiff also cites to information in Defendant's declarations, Docs. [44-1], [44-2], which were filed on the docket prior to the TRO hearing in this case, and to an insurance policy that moved from AP to EPIC in February 2025, over a week before the TRO hearing.  "A motion for reconsideration is not a vehicle to identify facts . . . that could have been, but were not, raised at the time the relevant motion was pending," and a movant may not "introduce evidence that the movant could have produced before the district court decided the prior motion."  *Perry v. City of St. Louis*, 2021 WL 5881763, at *1 (E.D. Mo. Dec. 13, 2021) (cleaned up).  Plaintiff also points to additional information concerning the individual Defendants' actions after leaving AP for EPIC, produced during discovery for the preliminary injunction hearing set in this matter.  *See* Doc. [66] at 8-9.  But the Court has seen nothing that would change its initial conclusion that Plaintiff has not met the standard for demonstrating irreparable harm.

4

Because Plaintiff so vehemently disagrees with the Court's assessment, it should take some comfort in the fact that the Court's denial of the TRO is not the last word. Plaintiff will have another bite at the apple when the parties brief and argue Plaintiff's motion for a preliminary injunction, after which the Court will have a fuller record on which to make a decision regarding injunctive relief.

The Court has reviewed its March 10, 2025, Order and concludes that it contains no manifest errors of law or fact. The Court fully considered Plaintiff's request for a TRO and concluded that Plaintiff had not shown that it would suffer irreparable harm absent injunctive relief. AP's Motion for Reconsideration reiterates the arguments it made in support of its motion for a TRO, while expressing its strong disagreement with the Court's rejection of the same. Those are not "exceptional circumstances" justifying "extraordinary relief." *U.S. Xpress Enters.*, 320 F.3d at 815.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [53], is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Review of Plaintiff's Motion for Reconsideration, Doc. [67], is **DENIED**.

Dated this 12th day of May, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE