UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASSUREDPARTNERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-01711 SEP |
| | ) |
| EDGEWOOD PARTNERS INSURANCE | ) |
| CENTER, INC., *dba* EPIC INSURANCE | ) |
| BROKERS & CONSULTANTS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff AssuredPartner's Motion to Compel, Doc. [73]. For the reasons set forth below, the motion is denied.

### BACKGROUND

Plaintiff initiated this breach of contract and trade secret action on December 20, 2024. *See* Doc. [1]. Individual Defendants Rick Frechmann and Joleen Mayfield were producers in AP's St. Louis office. Doc. [36-1] ¶ 2. During their employment with AP, they signed Restrictive Covenant Agreements that prohibit them, for a period of two years following employment, from soliciting, servicing, or interfering with any of AP's Restricted Clients. Doc. [41] at 9. On November 26, 2024, AP terminated Frechmann and Mayfield, after which they became employed by EPIC Insurance. Doc. [36-1] ¶¶ 6, 8. Non-party Ernst Radiology was an AP client that had been serviced by Frechmann, and Ernst moved its business to EPIC in early 2025. *Id.* ¶ 9. AP alleges that the Defendants solicited Ernst's business in violation of the RCA.

On March 18, 2025, Plaintiff served Ernst with a subpoena to produce certain categories of documents by March 31, 2025, including a request for all text messages between any individual at Ernst and Defendants Frechmann and Mayfield. *See* Doc. [73-2]. Ernst timely objected to producing text messages between its president, Dr. Matthew Stadnyk, and Defendant Frechmann that it asserts are of a purely personal nature, and thus, entirely irrelevant to this lawsuit. *See* Doc. [79] at 1-2. More specifically, Ernst asserts that the text messages discussed a Frechmann family member's medical issues about which Frechmann was seeking Dr. Stadnyk's professional advice. *Id.* Plaintiff maintains that it is entitled to all the messages between Frechmann and Dr. Stadnyk, and it filed the instant motion to compel, seeking "all"

communications between the two.  The motion also asks the Court to compel production of the call logs for any Ernst communications with Frechmann and/or Mayfield.  Ernst argues that the motion should be denied because, with respect to the call logs, Plaintiff has already received the requested information, and, with respect to the text messages, they are private and entirely irrelevant to the underlying lawsuit.  *See* Doc. [79] at 2, 4.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 26 provides that 'parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.' " *Memhardt v. Nationstar Mortg., LLC*, 2018 WL 705052, at *2 (E.D. Mo. Feb. 5, 2018) (citation modified).  "Relevancy in this context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id*. (internal quotations omitted).  However, the concept of relevance " 'should not be misapplied so as to allow fishing expeditions in discovery.' " *Christian v. Ford*, 2014 WL 4546173, at *1 (E.D. Mo. Sept. 12, 2014) (quoting *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1993)).  "Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *Nwinee v. St. Louis Developmental Disabilities Treatment Centers*, 2019 WL 2569927, at *1 (E.D. Mo. June 21, 2019).

Rule 45 governs subpoenas directed at non-parties.  Fed. R. Civ. P. 45(d)(3)(A) (iii) and (iv); *Peoples Nat'l Bank, N.A. v. Mehlman*, 2016 WL 3268761, at *2 (E.D. Mo. June 7, 2016).  A non-party may be compelled to produce documents under the Federal Rules of Civil Procedure, but "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  Non-parties are afforded "'special protection against the time and expense of complying with subpoenas.'" *Misc. Dkt. Matter No. 1 v. Misc. Dkt. Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)).

## DISCUSSION

Though the federal rules permit liberal discovery, it "is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34 (1984).  "[D]iscovery may not be had on matters irrelevant to the

subject matter involved in the pending action . . . and "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Misc. Dkt. Matter No. 1,* 197 F. 3d at 925 (quoting *Micro Motion, Inc. v. Kane Steel Co.,* 894 F. 2d 1318, 1323 (Fed. Cir. 1990) (emphasis omitted).

Ernst argues that it should not be compelled to produce the disputed text messages between Dr. Stadnyk and Frechmann because they concern private medical matters wholly irrelevant to the issues in this lawsuit, and because as a non-party it is entitled to special protection against the burden of complying with subpoenas. Doc. [79] at 4-5.

Ernst's status as a non-party is a non-issue because Plaintiff is not entitled to irrelevant documents, whether requested from Defendants or from non-parties. *See Memhardt*, 2018 WL 705052, at *2 (Parties may obtain discovery only if it is "relevant to the claim or defense of any party."). Because text messages between Frechmann and Dr. Stadnyk about the private medical issues of a family member are not relevant to the claims or defenses of any party to this matter, the motion to compel will be denied as to the disputed text messages.

With respect to the call logs, Ernst argues that a party seeking discovery has a duty to first seek such discovery from its party opponent before burdening a non-party, and as a non-party to the litigation, it should be shielded from duplicative discovery that has already been obtained from a party. Doc. [79] at 3-4. Accordingly, Ernst argues that the motion to compel should be denied with respect to the call logs, as Plaintiff has received all responsive logs from Defendants Frechmann and Mayfield. Doc. [79] *Id*. at 2. The Court agrees.

As noted above, non-parties are afforded "special protection against the time and expense of complying with subpoenas." *Misc. Dkt. Matter No. 1*, 197 F.3d at 927. A basic tenet of this protection is that a subpoena is unduly burdensome on a non-party if the information can be obtained from a party to the litigation. *See, e.g.*, *Gregg v. B&G Transportations, LLC*, 2021 WL 1598969, at *5 (E.D. Mo. Apr. 23, 2021) (quashing a third party subpoena because the requested documents and information that were the subject matter of the third-party subpoena was available from defendant); *Watson v. Boyd*, 2019 WL 1499679, at *5 (E.D. Mo. Apr. 5, 2019) ("If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45.") (citation modified); *Cody v. City of St. Louis*, 2018 WL 5634010, at *3 (E.D. Mo. Oct. 31,

2018) ("If the party seeking the information can easily obtain the same information without burdening the non-party, the court will quash the subpoena.").

As Defendants have already provided call logs between any Ernst employee and either Frechmann or Mayfield, Ernst need not provide duplicative copies of such logs.  Because the subpoena is unduly burdensome as applied to non-party Ernst, the motion to compel will be denied with respect to the request for call logs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel, Doc. [73], is **DENIED.**

Dated this 27th day of June, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE